# NO. 12-18-00358-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RONALD EUGENE HILL,*<br>*APPELLANT* | § | *APPEAL FROM THE 145TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Ronald Eugene Hill appeals his conviction for driving while intoxicated. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

### BACKGROUND

Appellant was charged by indictment with driving while intoxicated with two previous convictions.[1] The State alleged that Appellant previously had been convicted of two felonies, elevating his punishment range to imprisonment for twenty five years to ninety nine years or life.[2] Appellant informed the court that he wished to plead "guilty" to the charged offense and have the trial court assess punishment. After properly admonishing Appellant of his rights and questioning whether his plea was freely and voluntarily made, the trial court accepted Appellant's plea of "guilty" to the indictment and pleas of "true" to the enhancement allegations. The trial court ordered the preparation of a presentence investigation for a later sentencing hearing.

---

[1] *See* TEX. PENAL CODE ANN. §§ 49.04(a); 49.09(b)(2) (West Supp. 2019).

[2] *See **id.*** § 12.42(d) (West 2019).

At the sentencing hearing, the trial court took judicial notice of the presentence investigation, and heard the sworn testimony of several witnesses from both the State and Appellant. At the conclusion of the hearing, the trial court sentenced Appellant to imprisonment for thirty three years. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel relates that he reviewed the record and found no arguable, nonfrivolous issues for our review. In compliance with *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief contains a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[3]

Thereafter, Appellant filed a pro se brief in which he contends that (1) he received ineffective assistance of counsel, (2) his guilty plea was involuntary, and (3) he has not received the entire appellate record.[4] *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

## CONCLUSION

As required by *Anders* and *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so, we agree with Appellant's counsel that the appeal is wholly frivolous. Accordingly, we *grant* counsel's motion for leave to withdraw and *affirm* the judgment of the trial court.

---

[3] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

[4] On July 22, 2019, the trial court sent this Court a letter stating that the appellate record was made available to Appellant. Thereafter, it was discovered that Appellant was not provided a copy of the presentence investigation considered by the trial court at Appellant's sentencing hearing. We ordered the trial court to make a copy of the presentence investigation available to Appellant. We received a letter from the trial court that the presentence investigation was made available to Appellant on February 25, 2020. Appellant was given an opportunity to file a supplemental brief after receiving the presentence investigation. The time for supplementation has expired and we have not received a supplemental brief from Appellant. Based upon the trial court's representation, this Court is satisfied that Appellant has had the opportunity to review the entire appellate record.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date that the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered April 8, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 8, 2020**

**NO. 12-18-00358-CR**

**RONALD EUGENE HILL,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 145th District Court

of Nacogdoches County, Texas (Tr.Ct.No. F1622496)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*